**Michael E. STURDEVANT et al., Plaintiffs,**

v.

**Sylvia WILBER et al., Defendants.**

**No. 75–C–381.**

United States District Court, E. D. Wisconsin.

Sept. 1, 1978.

Mary Kay Baum, Menominee Legal Defense/Offense Committee, Keshena, Wis., for plaintiffs.

Preloznik & Associates by Steven A. Felsenthal, Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendants' motion to dismiss and the plaintiffs' motion to amend their complaint. These motions can best be understood when viewed in the context of the legislation which has changed the status of the Menominee Indian Tribe in recent years.

Between 1848 and 1961, the Menominee Indian Tribe lived on lands it had ceded to the United States by treaty. This reservation continued in existence until Congress passed the Termination Act, 25 U.S.C. §§ 891–902, which became effective in 1961. Pursuant to this Act, all tribal property held by the United States was transferred to Menominee Enterprises, Incorporated, and members of the tribe were in the future to be subject to the laws of the state of Wisconsin. The provisions of the Termination Act, however, were short-lived. In 1974, Congress repealed the Termination Act, and in the Menominee Restoration Act (MRA), 25 U.S.C. §§ 903–903f, mandated the retransfer of the real property held by Menominee Enterprises to the United States. Under 25 U.S.C. § 903b, the Menominee Restoration Committee (MRC) was

created. The purpose of the MRC was to "represent the Menominee people in the implementation of the Act." In particular, the MRC was to draw up a constitution and bylaws for the tribe and to conduct an election to select tribal officials. 25 U.S.C. § 903c.

The plaintiffs in this case are four named members of the Menominee Tribe who represent other members of the tribe as a class. The amended complaint in this case seeks injunctive and declaratory relief on behalf of all the enrolled members of the tribe. The gravamen of the complaint is the violation of the plaintiffs' rights through actions by individual members of the MRC in excess of their statutory authority and also a failure of those members to fulfill their duties pursuant to congressional mandate.

The amended complaint, filed in 1975, stated eleven counts. Six of the counts were dismissed by my order of February 18, 1976. As to the five other counts, my order of that date denied the defendants' motion to dismiss for lack of subject matter jurisdiction. While counts 1, 4 and 11 alleged that the defendants had taken actions in excess of their authority and had failed to take actions mandated by the MRA, I found that subject matter jurisdiction could be found on the basis of the Indian Civil Rights Act, 25 U.S.C. § 1302(8). Since I found that counts 10 and 11 derived from operative facts common to the federal counts, I held that this court had the power to hear such claims under pendent jurisdiction.

## I. DEFENDANTS' MOTION TO DISMISS

The defendants have now renewed their motion to dismiss this case for lack of subject matter jurisdiction. The basis of their motion is the Supreme Court's recent decision in *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). In *Martinez*, the Court held that the Indian Civil Rights Act does not authorize private causes of action for declaratory and injunctive relief.

■ The plaintiffs claim that for various equitable reasons, *Martinez* should not be applied retroactively to this case. However, I do not believe that the plaintiffs' arguments on this point are persuasive. In *United States v. Fitzgerald*, 545 F.2d 578, 582 (7th Cir. 1976), the court stated:

"If the Supreme Court fails to limit the substantive scope of its new rule to purely prospective cases, the court of appeals as an inferior court must assume that the rule applies in all situations."

The rule stated in *Fitzgerald* must be followed by this court in determining the effect of *Martinez*, particularly since that decision speaks to the jurisdiction of this court. Since the Supreme Court did not indicate that its ruling in *Martinez* was to be purely prospective, I believe that subject matter jurisdiction in this case cannot be based on the Indian Civil Rights Act. If that Act were the only basis for the court's jurisdiction, I would be compelled to dismiss this action for lack of subject matter jurisdiction.

I believe, however, that the plaintiffs' complaint alleges injuries stemming from violation of the Menominee Restoration Act and that the latter Act confers subject matter jurisdiction in this court.

■ For a cause of action to arise under a federal statute it must "really and substantially involve a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912). In this case, count 1 of the plaintiffs' complaint alleges in part that the rights of the plaintiffs have been infringed by the continuing control of tribal resources by the MRC instead of by the tribal officials who, under the Restoration Act, are to succeed the MRC. Count 4 alleges that tribal assets have been dissipated "as a result of defendants' decisions and actions unauthorized and beyond the scope of their duties under the Menominee Restoration Act." Count 7 alleges that tribal assets have been dissipated "as a result . . . of defendants' failure to act pur-

suant to their duties under the Menominee Restoration Act."

The plaintiff has clearly alleged that the defendants acted beyond the mandate of the Restoration Act and have failed to perform certain duties imposed upon them by the Act. Moreover, such duties were owed to the very class which has brought this suit, members of the Menominee Indian Tribe. A determination of the extent of the authority and duties of the MRC under the MRA will be necessary to resolve this suit. Therefore, I find that counts 1, 4, and 7, of the plaintiffs' amended complaint arise under the Menominee Restoration Act.

■ Having determined that the plaintiffs have stated a cause of action under the MRA, the more difficult question is whether this court has jurisdiction over such claims. In *Martinez*, the Supreme Court stated three reasons why the federal courts lack jurisdiction over civil claims for relief under the Indian Civil Rights Act. First, creation of a cause of action under that Act would not comport with the congressional goal of protecting tribal self-government. 436 U.S. 49, 98 S.Ct. 1670. Second, tribal courts are available to vindicate rights created by the Act. *Id.* Third, the Court stated that Congress may have considered that those issues likely to arise in a civil context under the Act would frequently depend on questions of "tribal tradition and custom which tribal forums may be in a better position to evaluate than federal courts." *Id.* at 71, 98 S.Ct. at 1684.

Close analysis of the MRA and the claims in this case indicates that the considerations which moved the Supreme Court to find that Congress did not intend federal court jurisdiction over civil claims under the Indian Civil Rights Act are inapplicable to the plaintiffs' claims under the MRA. To begin with, tribal sovereignty is not threatened in this case as it was in *Martinez*. In *Martinez*, an ordinance passed by an Indian tribe's council was at issue. In the case at bar, the actions challenged were taken by the MRC, an interim committee created by federal statute to perform certain duties until a tribal government was established.

Under the circumstances, the MRC is not entitled to the same degree of insulation from federal court jurisdiction as that which was granted the Pueblo Council in *Martinez*.

Second, there is evidence in the record before me that no tribal court is available to adjudicate the plaintiffs' claims in this case. The plaintiffs have cited two cases brought in the Menominee Court of Indian Offenses in which claims against members of the MRC were dismissed on the ground that those members belonged to a body created by Congress.

Finally, the case at bar does not involve questions of "tribal tradition and custom" but rather involves questions turning on the duties and authority created by Congress in the MRA. I believe that this court does have jurisdiction to resolve such questions. Therefore, the defendants' motion to dismiss this suit for lack of subject matter jurisdiction will be denied. This court has jurisdiction over counts 1, 4, and 7 under the MRA and has pendent jurisdiction over counts 10 and 11. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

## II. PLAINTIFFS' MOTION TO AMEND

The plaintiffs have moved for leave to amend their complaint to indicate explicitly that the jurisdictional basis of their action is now to be the MRA rather than the Indian Civil Rights Act. The plaintiffs' motion will be granted.

The defendants oppose the plaintiffs' motion, arguing that such an amendment would "change the entire nature of the lawsuit." This argument is refuted, however, by those portions of the plaintiffs' existing complaint which allege a failure of the defendants to perform certain duties under the MRA and also actions by the defendants which are not authorized by the Act. The conclusion that the nature of the action would not be changed by the proposed amendment is also supported by an affidavit of the plaintiffs' attorney, in which she states that no further discovery

would be required by the plaintiffs should leave to amend be granted.

■ The defendants also oppose amendment of the complaint on the ground that an action under the MRA against members of the MRC would be barred by the doctrine of sovereign immunity. I believe, however, that the weight of the law is squarely against the defendants on this point. The MRA specifically provides that "the Menominee Restoration Committee . . . shall have no powers other than those given to it in accordance with this Act." 25 U.S.C. § 903b(a). One of the bases of the plaintiffs' complaint is the allegation that the defendants acted beyond their statutory authorization. In *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 689, 69 S.Ct. 1457, 1461, 93 L.Ed. 1628, rehearing den. 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514 (1949), the Court placed the following limitation on the doctrine of sovereign immunity:

> ". . . where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden. His actions are *ultra vires* his authority and therefore may be made the object of specific relief."

Therefore, pursuant to *Larson*, it is clear that if the defendants are found to have acted as alleged, their actions would not be protected by the doctrine of sovereign immunity. *See also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978).

■ Under Rule 15(a), Federal Rules of Civil Procedure, leave to amend is to be "freely given when justice so requires." Since I believe that the essential nature of this action would not be changed by the proposed amendment and that the resolution of this case will not be delayed by the amendment, leave to amend will be granted.

## III. CONCLUSION

Therefore, IT IS ORDERED that the defendants' motion to dismiss this action for lack of subject matter jurisdiction be and hereby is denied.

IT IS ALSO ORDERED that the plaintiffs' motion to amend their complaint be and hereby is granted.